MELINDA S. RIECHERT, SBN: 65504
JENNIFER SVANFELDT, SBN: 233248
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001
e-mail: mriechert@morganlewis.com
          jsvanfeldt@morganlewis.com

Attorneys for Defendants
MORGAN STANLEY & CO. LLC, MORGAN
STANLEY SMITH BARNEY LLC, and MORGAN
STANLEY

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JASON ZAJONC, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>   vs.<br><br>MORGAN STANLEY & CO. LLC, f/k/a Morgan Stanley & Co. Incorporated, MORGAN STANLEY SMITH BARNEY LLC, and MORGAN STANLEY,<br><br>     Defendant. | Case No. 4:14-cv-05563-EMC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, STAY, OR TRANSFER ACTION TO THE SOUTHERN DISTRICT OF FLORIDA PURSUANT TO THE FIRST-TO-FILE RULE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  April 23, 2015<br>Time:  1:30 p.m.<br>Courtroom: 5 – 17th Floor<br><br>Complaint Filed: December 19, 2014 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

1  **NOTICE OF MOTION AND MOTION TO DISMISS, STAY, OR TRANSFER**

2  PLEASE TAKE NOTICE that on April 23, 2015 at 1:30 p.m. or as soon thereafter as

3  counsel may be heard in the courtroom of the Honorable Edward M. Chen, located on the

4  Seventeenth Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco,

5  California 94102, Defendants Morgan Stanley & Co., LLC, Morgan Stanley Smith Barney LLC,

6  and Morgan Stanley will and do move the Court for an order dismissing, staying, or transferring

7  this action to the Southern District of Florida under the first-to-file rule.

8  Defendants bring this motion on the grounds that a case pending in the Southern District

9  of Florida, *Devries, et al. v. Morgan Stanley & Co., LLC, et al.* (Case No. 9:12-cv-81223-KAM),

10  was filed before this action, contains substantially similar parties, and involves substantially

11  similar issues.  Further the interests of judicial economy and efficiency would be served if this

12  Court granted Defendants' motion because if the cases were heard by different judges in different

13  districts there will be substantial and unnecessary duplication of labor and potentially conflicting

14  results.  Defendants base their motion on this notice of motion and motion, the supporting

15  memorandum of points and authorities, the Declaration of Mark Zelek and exhibits thereto, the

16  Declaration of Melinda S. Riechert and exhibit thereto, the Declaration of Jennifer Svanfeldt and

17  exhibits thereto, and such other evidence and arguments as Defendants may present on reply and

18  at oral argument.

19  Dated: March 19, 2015                    MORGAN, LEWIS & BOCKIUS LLP

20

21                                          By: */s/ Melinda S. Riechert*

22                                          Melinda S. Riechert
                                            Jennifer Svanfeldt

23
                                            Attorneys for Defendants
24                                          MORGAN STANLEY & CO. LLC,
                                            MORGAN STANLEY SMITH BARNEY
25                                          LLC, and MORGAN STANLEY

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ............................................................................................................ 1

II.  ISSUE TO BE DECIDED ............................................................................................... 2

III.  FACTUAL BACKGROUND .......................................................................................... 2

    A.  The *Devries* Action: *Devries, et al. v. Morgan Stanley & Co.,  LLC, et al.* ............ 2

    B.  Plaintiffs in *Devries* Requested That The California Rule 23 Class Claims Be Added To The First-Filed Devries Action And They Were Part of the *Devries* Mediation. ............................................................................................ 4

    C.  Zajonc Decides To File A Separate Action In California. ..................................... 5

    D.  The *Zajonc* Complaint Contains Identical Defendants, Virtually Identical Issues, And Substantially Similar Claims To Devries. ........................................ 5

    E.  Defendants Meet And Confer With Zajonc About Transfer To The Southern District of Florida And Zajonc Refuses To Stipulate To The Transfer. ............................................................................................................ 6

IV.  THE COURT SHOULD DISMISS, STAY, OR TRANSFER THIS ACTION UNDER THE "FIRST-TO-FILE" RULE ........................................................................ 6

    A.  Chronology Of Actions:  *Devries* Was Filed First. ............................................. 8

    B.  Similarity Of Parties:  The Parties Are Substantially Similar. .............................. 8

    C.  Similarity Of Issues:  The Issues Are Virtually Identical. ................................... 10

    D.  Equitable Factors: The Equities Weigh In Favor Of Granting A Dismissal, Stay, Or Transfer Of This Action. ..................................................................... 12

V.  CONCLUSION ............................................................................................................. 15

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
    946 F.2d 622 (9th Cir. 1991) ...................................................................... 8

*Benneet v. Bed Bath and Beyond, Inc.*,
    2011 U.S. Dist. LEXIS 79973 (N.D. Cal. July 22, 2011) ........................... 14

*Cedars-Sinai Med. Ctr. v. Shalala*,
    125 F.3d 765 (9th Cir. 1997) ...................................................................... 7

*Church of Scientology of Calif. v. U.S. Dep't of the Army*,
    611 F.2d 738 (9th Cir. 1979) ..................................................................... 12

*Cortez v. Purolator Air Filtration Products Co.*,
    23 Cal. 4th 163 (2000) ............................................................................... 1

*EMC Corp. v. Bright Response, LLC*,
    2012 WL 4097707 (N.D. Cal. Sept. 17, 2012) .......................................... 7

*F.T.C. v. Watson Pharm.*,
    611 F. Supp. 2d 1081 (C.D. Cal. 2009) .................................................... 13

*Fossum v. Northwestern Mutual Life Ins. Co.*,
    2010 U.S. Dist. LEXIS 99904 (N.D. Cal. Sept. 16, 2010) .................... 9, 14

*Fryda v. Takeda Pharm. N. Am., Inc.*,
    2011 WL 1434997 (N.D. Ohio Apr. 14, 2011) ......................................... 11

*Gatdula v. CRST Int'l, Inc.*,
    2011 U.S. Dist. LEXIS 13706 (E.D. Cal. Feb. 7, 2011) .................. 13, 14, 15

*Genentech, Inc. v. GlaxoSmithKline, LLC*,
    2010 U.S. Dist. LEXIS 126773 (N.D. Cal. Nov. 30, 2010) ..................... 7, 8

*Gerin v. Aegon USA, Inc.*,
    2007 U.S. Dist. LEXIS 28049 (N.D. Cal. Apr. 4, 2007) .......................... 13

*Henrichs v. Nova Biomedical Corp.*,
    2014 WL 2611825 (S.D. Tex. June 11, 2014) ............................................ 7

*Herrera v. Wells Fargo Bank N.A.*,
    2011 WL 6141087 (N.D. Cal. Dec. 9, 2011) ............................................ 12

*Hiett v. MHN Gov't Servs.*,
    2013 U.S. Dist. LEXIS 19524 (W.D. Wash. Feb. 13, 2013) ..................... 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

*Hoefer v. United States Dept. of Commerce*,
2000 WL 890862 (N.D. Cal. June 28, 2000) .......................................................... 13

*Inherent v. Martindale-Hubbell*,
420 F. Supp. 2d 1093 (N.D. Cal. 2006) ...................................................... 8, 10, 11

*Isle Capital Corp. v. Koch Carbon, Inc.*,
2006 WL 823186 (N.D. Cal. Mar. 28, 2006) .......................................................... 11

*Kelley v. Kaiser Permanente*,
2014 U.S. Dist. LEXIS 73172 (D. Or. May 29, 2014) ........................................... 10

*Medlock v. HMS Host USA, Inc.*,
2010 WL 5232990 (E.D. Cal. Dec. 16, 2010) ........................................................ 11

*Microchip Tech., Inc. v. United Module Corp.*,
2011 WL 2669627 (N.D. Cal. July 7, 2011) ............................................................. 7

*Murphy v. Kenneth Cole Productions, Inc.*,
40 Cal. 4th 1094 (2007) ............................................................................................. 9

*Newegg, Inc. v. Telecomm. Sys.*,
2009 WL 1814461 (N.D. Cal. June 23, 2009) .......................................................... 7

*Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*,
2011 WL 2073796 (E.D. Cal. May 24, 2011) ........................................................... 8

*Pacesetter Sys, Inc. v. Medtronic, Inc.*,
678 F.2d 93 (9th Cir. 1982) ................................................................................. 7, 8

*Ross v. U.S. Bank Nat'l Ass'n*,
542 F. Supp. 2d 1014 (N.D. Cal. 2008) ................................................................... 9

*Schwartz v. Frito-Lay N. Am.*,
2012 WL 8147135 (N.D. Cal. Sept. 12, 2012) ...................................................... 11

*Supervalu, Inc. v. Exec. Dev. Sys., Inc.*,
2007 WL 129039 (D. Idaho Jan. 12, 2007) ........................................................... 10

*Walker v. Progressive Cas. Ins. Co.*,
2003 WL 21056704 (W.D. Wash. May 9, 2003) .............................................. 10, 12

*Weinstein v. Metlife Inc.*,
2006 WL 3201045 (N.D. Cal. Nov. 6, 2006) ........................................................... 9

*Wheat v. California*,
2013 WL 450370 (N.D. Cal. Feb. 5, 2013) ............................................................ 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

**STATUTES AND RULES - FEDERAL**

Fed. R. Civ. P. Rule 23 ................................................................................................ passim

28 U.S.C. § 1404 ................................................................................................................ 7

29 U.S.C. § 216(b) ........................................................................................................... 10

29 U.S.C. § 201 *et seq.*
    Fair Labor Standards Act ("FLSA"). ..................................................................... passim

29 U.S.C. § 255(a) ............................................................................................................ 1

**STATUTES AND RULES- CALIFORNIA**

Cal. Bus. & Prof. Code § 17200, *et seq.* ...................................................................... 4, 6

Cal. Lab. Code §§ 201-203 ............................................................................................... 6

Cal. Lab. Code § 226 ..................................................................................................... 5, 9

Cal. Lab. Code § 226.7 ...................................................................................................... 5

Cal. Lab. Code § 340 ......................................................................................................... 9

Cal. Lab. Code § 510 .................................................................................................... 5, 12

Cal. Lab. Code § 512 ......................................................................................................... 5

Cal. Lab. Code § 558 ......................................................................................................... 5

Cal. Lab. Code § 1174(d) .................................................................................................. 5

Cal. Lab. Code §1194 *et seq.*. ......................................................................................... 5

Cal. Lab. Code §§ 2698-2699.5
    Private Attorneys General Act of 2004 ........................................................................ 6, 9

**REGULATIONS**

29 C.F.R § 207(a)(1) ....................................................................................................... 12

**OTHER AUTHORITIES**

Wage Order No. 4-2001 ................................................................................................. 5, 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendants Morgan Stanley & Co., LLC, Morgan Stanley Smith Barney LLC, and Morgan Stanley (collectively, "Defendants" or "Morgan Stanley") move this Court for an order to dismiss, stay, or transfer this action in favor of the first-filed and related action, *Devries, et al. v. Morgan Stanley & Co., LLC, et al.*, Case No. 9:12-cv-81223-KAM, currently pending in the Southern District of Florida ("*Devries*") under the federal "first-to-file" rule and principles of judicial comity.

After consenting to join *Devries* as an opt-in, Plaintiff Jason Zajonc ("Zajonc") filed his own separate class action in this Court.  Like the *Devries* Plaintiffs, Zajonc's central allegation is that he and other Financial Advisor Associates ("FAA") were not paid for all time they spent preparing to become licensed financial advisors, including the alleged overtime they put into studying for the Series 7 and Series 66 exams.  Declaration of Mark Zelek ("Zelek Decl."), Ex. A ¶ 5; Ex. G ¶ 12.  *Devries* involves the same Defendants, substantially similar plaintiffs, and similar legal issues.  *Devries'* nationwide Fair Labor Standards Act ("FLSA") class encompasses the putative class here.[1]  In fact, about 91 members of the putative class in this action timely opted-in to *Devries*, including Zajonc.

The core purpose of the first-to-file rule is to promote judicial efficiency and economy.  Here, it would entail a substantial and unnecessary duplication of labor and resources if *Devries* and *Zajonc* were heard by different district judges.  First, the Southern District of Florida has presided over *Devries* for more than two years.  It is familiar with the parties, the core unpaid wages claim, and the factual background relating to the FAA training program at issue here.  For example, it has dealt with *five* motions to compel discovery and determined the *Devries* Plaintiffs'

---

[1]  The statute of limitations under the FLSA is two years (three years for willful violations). 29 U.S.C. § 255(a).  The *Devries* complaint alleges Defendants' purported violations of the FLSA were "willful," which Defendants deny.  Zelek Decl., Exh. A, ¶ 108.  Accordingly, based on the August 8, 2012 filing date, the longest possible statute of limitations in *Devries* begins on August 8, 2009.  In *Zajonc*, the statute of limitations for Plaintiff's unpaid wages claim is extended to four years because Plaintiff also alleges a claim for unfair business competition.  *See Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 179 (2000).  Therefore, the statute of limitations in *Zajonc*, which was filed on December 19, 2014, goes back to December 19, 2010.  Therefore, the *Devries* FLSA nationwide class includes the putative class here.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

motion for conditional certification.  Second, resources will be wasted on duplicative efforts, which is already evident in the service of overlapping written discovery in both cases and Zajonc's recent request for a class list that was already produced by Defendants in *Devries*. Third, the current circumstance is ripe for inconsistent rulings that would apply to individuals who are members of both the FLSA nationwide class and the putative class in this case—namely, whether study time is compensable.

Where, as here, there is an earlier-filed case in another district court that involves substantially the same parties and substantially the same issues—principles of federal judicial comity compel transfer of this action to the Southern District of Florida.  Defendants, therefore, respectfully request that this Court grant their Motion.

## II.   ISSUE TO BE DECIDED

Whether this case should be transferred to the District Court for the Southern District of Florida, or alternatively dismissed or stayed, under the first-to-file rule because *Devries* was filed first, contains substantially the same parties as this action, and involves substantially the same issues.

## III.   FACTUAL BACKGROUND

### A.   The *Devries* Action: *Devries, et al. v. Morgan Stanley & Co., LLC, et al.*

On August 8, 2012, over two-and-a-half years ago, Plaintiff Fred Devries, a former FAA filed a Collective Action Complaint in the Southern District of New York against Defendants (Case No. 12-cv-6069).  Zelek Decl. ¶ 3.  Devries sought compensation for unpaid overtime under the FLSA and sought FLSA collective action treatment on behalf of all other individuals who held FAA positions nationwide.  *Id.*  Thereafter, on September 14, 2012, the *Devries* defendants filed a motion to transfer venue to the Southern District of Florida, which was granted on October 26, 2012.  *Id. Devries*, now Case No. 9:12-cv-81223-KAM, was assigned to Judge Kenneth A. Marra.  *Id.* ¶ 2.  [Dkt. #27-29]

Since the transfer, the Southern District of Florida has granted three motions for leave to amend the original complaint, none of which Defendants opposed.  Zelek Decl. ¶ 4.  First, on May 15, 2013, the *Devries* court granted Devries' unopposed motion for leave to file an Amended

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

1   Collective Action Complaint to add an additional named plaintiff.  *Id.* [Dkt. #65]  Second, on

2   August 4, 2014, the *Devries* court granted an unopposed motion for leave to file a Second

3   Amended Class and Collective Action Complaint, and the *Devries* Plaintiffs added four Rule 23

4   state class claims for Illinois, New Jersey, New York and Pennsylvania. *Id.* [Dkt. #172-173]

5   Finally, on January 20, 2015, the *Devries* court granted a third unopposed motion for leave to

6   amend to file a Third Class and Collective Action Amended Complaint, and the *Devries* Plaintiffs

7   substituted a new Pennsylvania class representative. *Id.*   [Dkt. #204]  The *Devries* Court granted

8   the *Devries* Plaintiffs' Motion to Conditionally Certify an FLSA Collective Action on February 7,

9   2014.  Zelek Decl. ¶ 5, Ex. B.  [Dkt. #93]

10         Per direction of the *Devries* Court, the *Devries* Plaintiffs mailed Notices of Collective

11   Action Lawsuit and Consents to Become a Party to a Lawsuit on April 8, 2014.  *Id.* ¶ 6.   The

12   deadline for class members to opt-in was June 3, 2014.  *Id.*  About 419 individuals timely opted in

13   to *Devries*, approximately 91 of whom are from California (the highest of any state and

14   *approximately 10% of the putative class in this action*).  *Id.*  Zajonc, the sole named plaintiff in

15   this case, opted in to *Devries* on April 4, 2015.  *Id.*, Ex. C.

16         Discovery is in progress in *Devries*.  The *Devries* discovery opt-ins, who are 30 of the 419

17   *Devries* opt-ins selected to participate in discovery in that case and which include four California

18   members (who are also putative class members in this action), have propounded two sets of

19   Interrogatories and Requests for Production.  Zelek Decl. ¶ 17, Ex. I.  Defendants have produced

20   a class list that contains putative class members in the *Zajonc* action and documents in response

21   to the Requests for Production, including documents referencing Defendants' meal and rest break

22   policies in California.  *Id.*, Ex. J.  Opt-in depositions, including depositions of the four California

23   opt-ins, have been scheduled during this month and next month.  *Id.* ¶ 19.  In addition, the

24   *Devries* Plaintiffs are scheduled to take the deposition of the Executive Director, Advanced

25   Financial Advisor Development and Talent Acquisition, who is the nationwide director of FAA

26   training program on March 30, 2015.  Finally, the magistrate judge in *Devries* directed the parties

27   to file a motion to extend the April 14, 2015 representative discovery cut-off.  *Id.*, Ex. L.  Also,

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

1    five motions to compel discovery have already been adjudicated by the Florida Court, which have

2    defined the scope of permissible discovery in *Devries. Id.* ¶ 18.

3         **B.    Plaintiffs in *Devries* Requested That The California Rule 23 Class Claims Be Added To The First-Filed *Devries* Action And They Were Part of the *Devries* Mediation.**

4

5         Although not required to file a motion to amend a complaint, the *Devries* Plaintiffs sought

6    Defendants' agreement to amend the operative *Devries* complaint to add Rule 23 California class

7    claims.  On September 30, 2014, Gregg Shavitz, plaintiffs' counsel in *Devries*, telephoned

8    Defendants' counsel and asked if Defendants had any opposition to the *Devries* Plaintiffs

9    amending their operative complaint to include California state claims in order to avoid a

10   duplicative action in California.  Zelek Decl. ¶ 7.  Defense counsel agreed to consider Shavitz'

11   request, and asked for a copy of the proposed Third Amended Complaint ("Proposed

12   Complaint").  *Id.*

13        Defendants received a copy of the Proposed Complaint on October 22, 2014, which both

14   added Zajonc as a named plaintiff and included Rule 23 class claims for alleged violations of

15   California wage and hour law, including failure to pay overtime, failure to provide meal and rest

16   breaks, failure to provide accurate and itemized wage statements, failure to maintain accurate and

17   sufficient time records, and for violation of California Business & Professions Code § 17200.

18   Zelek Decl. ¶ 8, Ex. D.  On October 27, 2014, Shavitz advised that he and co-counsel, Outten &

19   Golden LLP (Zajonc's counsel in this matter), were revising the Proposed Complaint.  *Id.*, ¶ 9,

20   Ex. E.  Defendants again agreed to consider additional amendments to the Complaint, and on

21   October 28, 2014, Shavitz sent Defendants a copy of the revised Proposed Complaint.  *Id.*, Ex. F.

22        At the time Shavitz requested Defendants' consent to the filing of the Proposed

23   Complaint, the parties in *Devries* had already agreed to attend mediation in New York on

24   December 12, 2014 with Mediator Michael Dickstein.  Zelek Decl. ¶ 10.  The Rule 23 California

25   Class Claims were part of the mediation per Shavitz' request and Zajonc's California counsel,

26   Justin Swartz of Outten & Golden LLP, attended.  *Id.* ¶ 11.

27   ///

28   ///

**C.**      **Zajonc Decides To File A Separate Action In California.**

The *Devries* parties did not have the chance to further communicate about the Proposed Complaint.  Zelek Decl. ¶ 13.  Instead, on December 19, 2014, approximately one week after the mediation, Zajonc filed a separate action in California.  *Id.* ¶ 14, Ex. G.  Zajonc provided no notice to Defendants that he intended to file a separate action in California.  *Id.* ¶ 15.  Indeed, never during the meet and confer communications concerning the Proposed Complaint did Shavitz suggest that California was the appropriate venue for the Rule 23 California class claim. *Id.*  To the contrary, during all of these communications, Shavitz insisted that the Rule 23 California state claims to be included in the *Devries* action in Florida, and that it was appropriate to include them in *Devries*.  *Id.*

**D.**      **The *Zajonc* Complaint Contains Identical Defendants, Virtually Identical Issues, And Substantially Similar Claims To *Devries*.**

The complaint in this action contains identical defendants and a putative class whose members could have opted-in to *Devries*, as well as claims that originate from the same common facts as *Devries*.  Indeed, several of the allegations and the central issues are virtually identical.

| | The *Devries* Action | The *Zajonc* Action |
|---|---|---|
| **Claims Asserted** | 1.  Unpaid wages (*i.e.*, failure to pay overtime under the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333, *et seq.*; Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*; New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a through 34:11-56a30; New York Labor Law, Article 19, §§ 650 *et seq.*; and the FLSA, 29 U.S.C. § 201 *et seq.*) | 1.  Unpaid wages (*i.e.*, failure to pay overtime under Cal. Labor Code §§ 510, 558, 1194 *et seq.* and Wage Order No. 4-2001)<br>2.  Failure to provide meal periods (Cal. Labor Code §§ 226.7 and 512 and Wage Order No. 4-2001)<br>3.  Failure to provide rest periods (Cal. Labor Code § 226.7 and Wage Order No. 4-2001)<br>4.  Failure to furnish accurate itemized wage statements  (Cal. Labor Code §§ 226(a) and 1174(d) and Wage Order No. 4-2001, §7)<br>5.  Failure to timely pay wages (Cal. Labor Code §§ 201-203)<br>6.  PAGA claim (Cal. Labor Code §§  2698-2699.5)<br>7.  Unfair Competition Law |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

| | The *Devries* Action | The *Zajonc* Action |
|---|---|---|
| | | Violations (Cal. Bus. & Prof. Code § 17200, *et seq.*) |
| **Core Factual Allegation** | "Pursuant to a company-wide policy and practice, Morgan Stanley uniformly failed to accurately track or record actual hours worked by FAAs during the pre-production training period. Morgan Stanley furthered this wrongful policy by: (i) instructing its FAAs not to track all hours they worked but instead, to record only their scheduled [eight (8) hours every day]; (ii) instructing its FAAs not to record overtime hours worked; (iii) failing to provide its FAAs with a method to accurately record the hours they actually worked; and (iv) requiring FAAs to understate the number of hours they actually worked." Zelek Decl., Ex. A ¶ 5 | "Pursuant to a company-wide policy and practice, Morgan Stanley uniformly failed to accurately track or record actual hours worked by FAAs during the pre-production training period. Morgan Stanley furthered this wrongful policy by: (i) instructing its FAAs not to track all hours they worked but instead, to record only their scheduled [eight (8) hours every day]; (ii) instructing its FAAs not to record overtime hours worked; (iii) failing to provide its FAAs with a method to accurately record the hours they actually worked; and (iv) requiring FAAs to understate the number of hours they actually worked." Zelek Decl., Ex. G ¶ 12 |

On March 5, 2015, Defendants filed a Notice of Pendency of Other Action or Proceeding in this action referencing *Devries*. Zelek Decl. ¶ 16, Ex. H. [Dkt. #33] Zajonc filed a response to the Notice of Pendency on March 12, 2015 asserting that transfer of this action in favor of *Devries* is not appropriate. *Id.*, Ex. H. [Dkt. #35]

**E.     Defendants Meet And Confer With Zajonc About Transfer To The Southern District of Florida And Zajonc Refuses To Stipulate To The Transfer.**

Zajonc will not agree to transfer this action to the Southern District of Florida despite his prior position that his claims should be part of *Devries*. Defendants have met and conferred with Zajonc's counsel regarding Defendants' request to transfer this case to Florida. Declaration of Melinda Riechert ("Riechert Decl.") ¶¶ 2-3; Svanfeldt Decl. ¶¶ 2-8, Exs. 1-4.

**IV.     THE COURT SHOULD DISMISS, STAY, OR TRANSFER THIS ACTION UNDER THE "FIRST-TO-FILE" RULE**

This Court has discretion to dismiss, stay, or transfer this case under the "first-to-file" rule because a similar case involving similar claims and parties is already pending in another district court. When cases involving the same parties and issues have been filed in multiple courts, principles of federal comity grant courts the discretion to dismiss, stay or transfer the second case

in the interest of efficiency and judicial economy.[2]  *See Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).

The first-to-file rule "serves the purpose of promoting efficiency well and should not be disregarded lightly."  *Pacesetter Sys, Inc. v. Medtronic, Inc*., 678 F.2d 93, 95 (9th Cir. 1982). This rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."  *Id.* at 94-95.  Where, as here, transfer provides neither party an unfair strategic advantage, the first-filed rule allows a district court to transfer, stay, or dismiss an action when a similar complaint has been filed in another federal court.  *Pacesetter*, 678 F.2d at 95, 97 (stating that to further the purposes of judicial economy and efficiency, "the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action").  Finally, "[t]he circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (internal citations omitted).  None of which is present here.

---

[2] Despite Zajonc's assertion in his Response to Defendants' Notice of Pendency of Other Action or Proceeding [Dkt. #35], courts in the Ninth Circuit do **not** consider original jurisdiction under the first-to-file analysis, except in one limited circumstance not applicable here.  *Microchip Tech., Inc. v. United Module Corp.*, Nos. CV–10–04241–LHK, CV–10–05196–LHK, CV–10–05290–LHK, CV–11–00430–LHK, 2011 WL 2669627, at *7 (N.D. Cal. July 7, 2011) ("Thus, there is no support for the proposition that the Court in the second-filed action must consider the 1404 transfer question (e.g., whether these actions could have been brought in Texas) as part of the first-to-file analysis."); *see also EMC Corp. v. Bright Response, LLC*, No. C–12–2841, 2012 WL 4097707, at *3-4 (N.D. Cal. Sept. 17, 2012) (factors under 28 U.S.C. § 1404 not weighed by second-filed court).  In this district, Section 1404 factors, such as original jurisdiction, are only considered on a first-to-file motion where the two cases were filed "almost simultaneously." *Genentech, Inc. v. GlaxoSmithKline, LLC*, Case No. 5:10-cv-04255-JF /PVT, 2010 U.S. Dist. LEXIS 126773, at *4-5 (N.D. Cal. Nov. 30, 2010) ("Where the two actions are filed almost simultaneously, instead of automatically going with the first filed action, the more appropriate analysis takes account of the convenience factors under 28 U.S.C. § 1404(a).") (internal quotation marks and citations omitted).  The cases cited by Zajonc in his response to Defendants' Notice of Pendency of Other Action or Proceeding do not support that original jurisdiction should be part of a transfer analysis under the first-to-file rule.  *Newegg, Inc. v. Telecomm. Sys.,* No. C  09 0982 JL, 2009 WL 1814461, at *2 (N.D. Cal. June 23, 2009) (analyzing original jurisdiction under 28 U.S.C. § 1404 factors); *Henrichs v. Nova Biomedical Corp.,* No. 6:14 CIV 2, 2014 WL 2611825, at *1-3 (S.D. Tex. June 11, 2014) (same).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

In the Ninth Circuit, district courts applying the first-to-file rule look to three factors to determine whether to apply the first to file doctrine:  (1) the chronology of the two actions (i.e., which action was filed first); (2) the similarity of the parties; and (3) the similarity of the issues. *Pacesetter*, 678 F.2d at 95.  A court's decision to depart from this general rule must present a "sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech, Inc.*, 998 F.2d at 938.

As set forth in detail below, the instant action should be transferred to Florida because it undisputedly meets all three factors of the first-to-file rule and transfer would promote efficiency and economy.

### A.     Chronology Of Actions:  *Devries* Was Filed First.

The chronology of actions requirement for the first-to-file rule is met.  *Devries* was filed on August 8, 2012.  Zelek Decl. ¶ 3.  This action was filed on December 19, 2014.  *Id.* ¶ 14, Ex. G.

### B.     Similarity Of Parties:  The Parties Are Substantially Similar.

The similarity of parties requirement for the first-to-file rule is also met because Defendants in *Devries* and this action are identical (which is not disputed) and because the putative class members in this action overlap entirely with the FLSA nationwide class in *Devries*. The parties in the first and second action need not be identical, but "substantially similar" for the rule to apply.  *Inherent v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (internal quotation marks omitted).  "The [first-to-file] rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters."  *Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*, Civ. No. 10-3134 KJM EFB, 2011 WL 2073796, at *3 (E.D. Cal. May 24, 2011).  Further, in a class or collective action, the potential classes, and not the class representatives, must be compared.  *Weinstein v. Metlife Inc.*, No. C 06-04444 SI, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006); *see also Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (when evaluating the first-to-file rule in the context of a class action, courts must compare the proposed "classes, and not the class representatives").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

The putative class members here and members of the FLSA nationwide class in *Devries* are sufficiently similar to meet the first-to-file rule's requirement. *Devries* Plaintiffs seek collective action treatment of a nationwide class of FAAs whose hours allegedly were not accurately recorded by Defendants and who therefore were not paid for all hours worked, in addition to seeking class treatment of Rule 23 putative state claims for unpaid wages under New York, New Jersey, Illinois, and Pennsylvania wage and hour laws. Zelek Decl., Ex. A ¶¶ 7-11. Here, Zajonc seeks to represent a putative class that would overlap with the FLSA nationwide class in *Devries*—current or former California FAAs during the pre-production training period and therefore were not paid for all hours worked for the period of December 19, 2010 through the date of final disposition of this action.[3] *Id.* ¶ 14, Ex. G ¶ 14. Indeed, out of approximately 419 timely opt-ins in *Devries*, about 91 are California opt-ins (the highest of any state) (*id.* ¶ 6), meaning that there are approximately 91 opt-ins in *Devries* who are members of the putative class here.[4] Further, Zajonc is already a party in *Devries* through opting into the case in April 2014 (eight months before he filed this action). Zelek Decl. ¶ 6, Ex. C; 29 U.S.C. § 216(b) (individuals who opt-in to FLSA collective action become "party plaintiffs"). Therefore, there are substantial

---

[3] Even though this case contains additional claims for failure to provide accurate itemized wage statements, the putative class members will still overlap with those in the *Devries* FLSA nationwide overtime class because it follows that if a person did not receive accurate itemized wage statements because those statements did not include overtime worked that those individuals would also be part of the FLSA nationwide overtime class. *See Fossum v. Northwestern Mutual Life Ins. Co.*, No. C 10-2657 SI, 2010 U.S. Dist. LEXIS 99904, at *4-5 (N.D. Cal. Sept. 16, 2010) (holding distinctions between classes "meaningless" where one suit consisted of Financial Representatives who were denied overtime, while the other consisted of Financial Representatives alleging unlawful wage deductions). In any event, Zajonc's claim for penalties for inaccurate wage statements, as well as his claim for penalties under the Private Attorney General Act of 2004, will not be at play in this action because both are barred by the applicable one-year statute of limitations because Zajonc was terminated on October 17, 2012, nearly two years before he filed this action. Zelek Decl., Ex. G ¶ 16; Cal. Labor Code §§ 226, 340 (one-year statute of limitations applies to penalties), 2698; *see also Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1108 (2007) (noting that "the [California] Legislature imposed a penalty on employers who fail to provide itemized wage statements that comply with the Labor Code"). .

[4] The deadline for opting in to *Devries* has passed (Zelek Decl. ¶ 6), but that does not change the outcome. *Walker*, 2003 WL 21056704, at *2 ("The adjusters who elected not to opt in to *Camp* received notice of that action, and, for whatever reason, elected not to opt in. They could have filed a timely independent action but likewise did not do so. Plaintiffs here cannot use other adjusters' legal predicament to demonstrate that this case should proceed on their behalf.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

1    similarities between putative class members here and members of the FLSA nationwide class in

2    *Devries. Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 WL 21056704, at *2-3 (W.D.

3    Wash. May 9, 2003) (finding substantial overlap between parties where both actions sought

4    recovery from the same defendant; the named plaintiffs in the Rule 23 state claim action had

5    opted into the first-filed FLSA action; and where the FLSA action included opt-ins who

6    potentially qualified as members of plaintiffs' proposed class); *see also Kelley v. Kaiser*

7    *Permanente*, No 3:13-CV-2120-BR, 2014 U.S. Dist. LEXIS 73172, at *8-9 (D. Or. May 29,

8    2014) (finding two proposed classes to be substantially similar where one class "clearly includes

9    at least some portion of the members of the proposed class" in the second action).

10       **C.       Similarity Of Issues:  The Issues Are Virtually Identical.**

11          The issues presented by *Devries* and this action are also sufficiently similar to meet the

12   first-to-file rule.  "Exact parallelism between the two actions need not exist; it is enough if the

13   issues in the two actions are 'substantially similar.'"  *Walker*, 2003 WL 21056704, at *2; *see also*

14   *Wheat v. California*, No. C 11-2026 SBA, 2013 WL 450370, at *6 (N.D. Cal. Feb. 5, 2013)

15   (granting motion to transfer upon finding that the legal issues in both actions were, at their core,

16   substantially similar).  Further, the requirement that the issues in both actions be "substantially

17   similar" is satisfied even where different claims are advanced in each action, so long as the "key

18   dispute" in each action is the same.  *Inherent*, 420 F. Supp. 2d at 1099.  "In determining whether

19   the cases involve the same issue, 'it is enough that the overall content of each suit is not very

20   capable of independent development and will be likely to overlap to a substantial degree.'"

21   *Supervalu, Inc. v. Exec. Dev. Sys., Inc.*, No. CV-06-329-S-BLW, 2007 WL 129039, at *1 (D.

22   Idaho Jan. 12, 2007).  Moreover, "[t]he form of relief sought does not determine the similitude of

23   the issues."  *Isle Capital Corp. v. Koch Carbon, Inc.*, No. 06-00525 MMC, 2006 WL 823186, at

24   *3 (N.D. Cal. Mar. 28, 2006); *see also Inherent*, 420 F. Supp. 2d at 1098-99 (holding that

25   although the second-filed action included a claim for damages that was absent from the first-filed

26   action for declaratory relief concerning a contract dispute, the two actions were nonetheless

27   "substantially similar" because the tortious conduct alleged in the second action was directly

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

related to an issue  at the center of the contract dispute, and the damages claim advanced in the second action could be brought as a counterclaim in the first action).

As a starting point, all of the claims in both *Devries* and this action are based on the Defendants' same alleged policy and practice of failing to accurately track or record actual hours worked by FAAs during the pre-production period.  Zelek Decl., Ex. A ¶ 5; Ex. G ¶ 12.  Indeed, although Zajonc's complaint contains additional derivative claims as provided under California law, it does not contain new or additional factual allegations as compared to the operative *Devries* complaint other than bare-boned and conclusory statements that Defendants failed to provide meal and rest breaks and accurate, itemized wage statements.  *Id.*, Ex. G ¶ 18.  The common issue of whether FAAs were not paid overtime for off-the-clock work is precisely the type of overlapping issue the first-to-file rule covers.  *See, e.g.*, *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740, 2012 WL 8147135, at *2, 3 (N.D. Cal. Sept. 12, 2012) (granting motion to transfer under first-to-file rule and holding "[t]he issues need not be precisely identical for the first-to-file rule to apply[,] the rule can apply even if the later-filed action brings additional claims"); *Medlock v. HMS Host USA, Inc.*, No. CV F 10-2167 LJO GSA, 2010 WL 5232990, at *6 (E.D. Cal. Dec. 16, 2010) (holding claims were substantially similar where defendant set forth common nucleus allegation and despite additional claims raised in second-filed action).  In addition, Zajonc has already admitted that *Devries* "is similar to this action in certain respects" and "arguably involves a material part of the subject matter of this action." [Dkt. #35 at 3:6-10 (internal quotation marks omitted).]  This alone should be enough to meet the third prong of the first-to-file rule.

The fact that one case is brought under Federal law and the other case under state law does not prevent transfer.  *Fryda v. Takeda Pharm. N. Am., Inc.*, No. 1:11-cv-00339, 2011 WL 1434997, at *5 (N.D. Ohio Apr. 14, 2011) (finding that the fact that one action brought FLSA claims and one involved only state law claims did not destroy the similarity in issues raised because the state and federal statutes apply the same standard).  Indeed, the FLSA and California Labor Code set forth materially identical definitions regarding the rate of pay for hours worked in excess of 40 hours per workweek.  *Compare* 29 C.F.R § 207(a)(1) (FLSA) *with* Cal. Lab. Code § 510(a).  As such, the additional provision of daily overtime under California law does not create a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

1   substantial difference of issues between *Devries* and this action.  *Walker*, 2003 WL 21056704, at

2   *3 ("Given that the first-to-file rule requires only a substantial similarity between the claims, this

3   slight difference between federal and state law does not prevent application of the rule.").

4       Accordingly, the third and final element of the first-to-file rule—similarity of issues—is

5   met.  This Court should therefore dismiss or stay this action, or transfer it to the Southern District

6   of Florida.

7       **D.       Equitable Factors: The Equities Weigh In Favor Of Granting A Dismissal, Stay, Or Transfer Of This Action.**

8       The equities present here tip in favor of granting Defendants' Motion.  Because the

9   purpose of the first-to-file rule is to promote judicial efficiency and economy as well as justice,

10  the Court should also consider those issues in determining Defendants' Motion.[5]  *See Church of*

11  *Scientology of Calif. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979) (stating that the

12  first-to-file rule "is designed to avoid placing an unnecessary burden on the federal judiciary").

13  Further, as this district has noted when looking at the equities under a motion to transfer:

14

15          Perhaps most compelling to the court's consideration of these
            factors is that plaintiffs' counsel previously instituted a lawsuit
16          very similar to the case at bar in federal court in the District of
            Columbia.  It would appear that to allow this case to proceed in
17          the Northern District of California *would entail a significant*
            *waste of time and energy and would involve duplicative effort*
18          *by this court.*

19

20  *Hoefer v. United States Dept. of Commerce*, No. C 00 0918 VRW, 2000 WL 890862, at *3 (N.D.

21  Cal. June 28, 2000) (emphasis added).  In addition, "[t]he interests of justice strongly weigh in

22  favor of granting [a] motion to transfer in order to discourage forum-shopping."  *Gerin v. Aegon*

23  *USA, Inc.*, No. 06-5407, 2007 U.S. Dist. LEXIS 28049, at *8 (N.D. Cal. Apr. 4, 2007).

24  _____

[5] Zajonc's claims that a California court is better equipped to deal with California claims and has
25  a greater interest in the action.  Neither of those factors weighs in favor of denying a first-to-file
    motion.  *See Herrera v. Wells Fargo Bank N.A.*, No. C 11-1485 SBA, 2011 WL 6141087, at *3
26  (N.D. Cal. Dec. 9, 2011) (stating that not only did plaintiffs fail to cite any relevant legal
    authority recognizing that a forum state's interest is a valid consideration in declining to apply the
27  first-to-file rule, but that "plaintiff[s] fail[ed] to present any explanation of how the interests of
    the California class would be contravened if the action were transferred to the Southern District of
28  Texas").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

1      Both judicial efficiency and economy considerations as well as the danger of inconsistent

2 rulings and the indications of forum shopping through Zajonc's reversal of course in filing a

3 separate action in California rather than adding his claims as initially proposed in *Devries* support

4 the granting of Defendants' motion:

5      **Efficiency:**  Because the Southern District of Florida has presided over *Devries* for more

6 than two years, it is very familiar with the similar factual and legal issues raised in the Complaint

7 here.  *See F.T.C. v. Watson Pharm.*, 611 F. Supp. 2d 1081, 1088-89 (C.D. Cal. 2009) (transfer

8 would conserve judicial resources because the judge was "familiar with the underlying facts" of

9 the cases).  First, the Southern District of Florida has adjudicated a motion for conditional

10 certification that required the analysis of the key documents in this action, including Defendants'

11 policies and procedures concerning overtime, time recording, and meal and rest breaks and the

12 FAA Phase I Playbook (which contains day-by-day specifics of the FAA training program).

13 Zelek Decl. ¶ 5, Ex. B.  The Southern District of Florida's order granting the motion contained

14 pages of information about Defendants' FAA program and the alleged practices that are at issue

15 here.  *Id.*, Ex. B.  Second, the Southern District of Florida has presided over *five* motions to

16 compel discovery in *Devries*, which each required an analysis of relevancy that meant that the

17 court had to delve further into the into the issues and background of the case (which are identical

18 here).  *Id.* ¶ 18.  *Gatdula v. CRST Int'l, Inc.*, No. CIV. 2:10-58 WBS, 2011 U.S. Dist. LEXIS

19 13706, at *10 (E.D. Cal. Feb. 7, 2011) ("Judicial resources are conserved when an action is

20 adjudicated by a court that has already committed judicial resources to the contested issues and is

21 familiar with the facts of the case.").  In addition, Zajonc's position that transfer would not result

22 in greater judicial efficiency because *Devries* is at a more advanced stage of litigation is not

23 persuasive.  *Fossum*, 2010 U.S. Dist. LEXIS 99904, at *7 (finding no weight in plaintiff's

24 argument that transfer will not result in greater judicial efficiency because the first-filed case is

25 more advanced and discovery will soon close where the parties in the first-filed action were in the

26 process of applying for an extension of discovery and other deadlines).

27      **Economy**:  Litigating *Devries* and this action in different district courts will result in

28 duplicative efforts and a waste of judicial and party resources.  This is already evident as to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

discovery in the two cases.  Zajonc has recently served Interrogatories and Requests for Production that substantially overlap with written discovery propounded in *Devries*, which will cause Defendants, and ultimately the Court to the extent there are similar discovery disputes, to waste time and effort in responding.  *E.g.*, Svanfeldt Decl. ¶ 11.  This excessive duplication of work is further evidenced by a recent exchange between counsel where Zajonc's counsel requested the production of a California class list when Defendants already produced a class list with California class members in *Devries*.  Riechert Decl. ¶ 4, Ex. A.

Further, Defendants have already produced documents in *Devries* bearing on the issues and facts in this case, including documents referencing Defendants' meal and rest break policies. Zelek Decl. ¶ 17, Ex. J.  And to the extent that Zajonc believes he needs additional discovery concerning the Rule 23 California class claims, four depositions of California opt-ins and the nationwide head of Morgan Stanley's training program have been scheduled in *Devries* for this month and next.  *Id.* ¶ 19.  Zajonc's counsel will be participating in those depositions and can secure any additional discovery they believe Zajonc needs.  Due to the impact of duplicative litigation on the parties' and courts' resources, this factor alone should be sufficient to support transferring this action.  *See Benneet v. Bed Bath and Beyond, Inc.*, No. C 11-0220 CRB, 2011 U.S. Dist. LEXIS 79973, at *2 (N.D. Cal. July 22, 2011) ("[T]he interest in judicial economy is enough to support transfer regardless of the other factors.").

**Danger of Inconsistent Rulings on Core Legal Issue**:  According to Plaintiffs in both actions, *Zajonc* and *Devries* concern the issue of the compensability of time spent studying during the FAA training program.  Zelek Decl., Ex. A ¶ 5, Ex. G ¶ 12.  The identical situation was analyzed by the court in *Gatdula v. CRST Int'l, Inc.*.  In *Gatdula*, the court analyzed a motion to transfer where one action involved state law claims for minimum wages and another action involved an FLSA claim for minimum wages.  2011 U.S. Dist. LEXIS 13706 , at *2-4.  The court observed that because of the identical issues in both cases, if they continued in different courts, two courts would have to decide the same factual issue of how the defendant paid its employees and the legal issue of whether that was sufficient.  *Id.*, at *10.  The court granted the motion to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC

1  transfer and stated that the danger of inconsistent rulings "weigh[ed] heavily in favor of transfer."

2  *Id.*

3     The situation here is even more compelling because at least 91 of the putative class

4  members in this action have timely opted into *Devries*, meaning that they could experience

5  conflicting rulings in two actions involving the same issues and the same alleged unpaid hours.

6  Because *Devries* and this action involve the same primary issue, this Court should transfer this

7  case to the Southern District of Florida to avoid inconsistent rulings on factual and legal issues.

8  *See Hiett v. MHN Gov't Servs.*, No. C12-5428 BHS, 2013 U.S. Dist. LEXIS 19524, at *7 (W.D.

9  Wash. Feb. 13, 2013) (stating that "the Court is mindful that if *Zabrowski* proceeds forward in the

10  California District Court, then a risk of inconsistent rulings arises, as Defendants seek to have that

11  court decide the very same issue that is now before [the] Washington State Supreme Court in

12  *Brown*. . . . Effectively, Defendants will have been given three . . . attempts before courts of

13  competent jurisdiction to obtain their desired outcome . . . .").

14     Therefore, the equities fall on the side of transferring this action to the Southern District of

15  Florida.  Accordingly, the Court should grant Defendants' Motion.

16  **V.     CONCLUSION**

17     Under the first-to-file rule, the Court should dismiss, stay, or transfer this case to the

18  Southern District of Florida for coordinated treatment with *Devries*.

19  Dated: March 19, 2015                    MORGAN, LEWIS & BOCKIUS LLP

20

21                              By: */s/ Melinda S. Riechert*

22                                  Melinda S. Riechert
                                    Jennifer Svanfeldt

23                                  Attorneys for Defendants
24                                  MORGAN STANLEY & CO. LLC,
                                    MORGAN STANLEY SMITH BARNEY
                                    LLC, and MORGAN STANLEY

25

26

27  DB1/ 82626300

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' MOTION TO DISMISS,
STAY, OR TRANSFER
CASE NO. 4:14-CV-05563-EMC