| | |
|---|---|
| MELINDA S. RIECHERT, SBN: 65504<br>JENNIFER SVANFELDT, SBN: 233248<br>ROBERTA H. VESPREMI, SBN: 225067<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1126<br>Tel:     +1.415.442.1000<br>Fax:    +1.415.442.1001<br>E-mail: mriechert@morganlewis.com<br>            jsvanfeldt@morganlewis.com<br>            rvespremi@morganlewis.com<br><br>Sam S. Shaulson (*pro hac vice* app. forthcoming)<br>MORGAN LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, NY 10178-0060<br>Tel.: 212.309.6000<br>Fax: 212.309.6001<br>E-mail: sshaulson@morganlewis.com<br><br>*Attorneys for Defendants* | Jahan C. Sagafi (Cal. Bar No. 224887)<br>Julia Rabinovich (Cal. Bar No. 290730)<br>OUTTEN & GOLDEN LLP<br>One Embarcadero Center, 38th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 638-8800<br>Facsimile: (415) 638-8810<br>E-mail: jsagafi@outtengolden.com<br>E-mail: jrabinovich@outtengolden.com<br><br>Justin Swartz (*admitted pro hac vice*)<br>OUTTEN & GOLDEN LLP<br>3 Park Avenue, 29th Floor<br>New York, NY 10016<br>Telephone: (212) 245-1000<br>Facsimile: (212) 977-4005<br>E-mail: jms@outtengolden.com<br><br>*Attorneys for Plaintiff and proposed Class Members*<br><br>*[Additional counsel on following page]* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JASON ZAJONC, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MORGAN STANLEY & CO. LLC, f/k/a Morgan Stanley & Co. Incorporated, MORGAN STANLEY SMITH BARNEY LLC, and MORGAN STANLEY,<br><br>                    Defendants. | Case No. 3:14-cv-05563-EMC<br><br>**DISCOVERY MATTER**<br><br>**[PR~~OPOS~~ED] STIPULATED PROTECTIVE ORDER** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 3:14-cv-05563-EMC

Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
Paolo C. Meireles (admitted *pro hac vice*)
Michael J. Palitz (admitted *pro hac vice*)
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-mail: sstern@shavitzlaw.com
E-mail: pmeireles@shavitzlaw.com
E-mail: mpalitz@shavitzlaw.com

Jeffrey A. Klafter (*pro hac vice* forthcoming)
Seth R. Lesser (admitted *pro hac vice*)
Fran L. Rudich (admitted *pro hac vice*)
KLAFTER OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
E-mail: jak@klafterolsen.com
E-mail: seth@klafterolsen.com
E-mail: fran@klafterolsen.com

*Attorneys for Plaintiff and proposed Class Members*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 3:14-cv-05563-EMC

# [PROPOSED] STIPULATED PROTECTIVE ORDER

Defendants Morgan Stanley & Co. LLC, Morgan Stanley Smith Barney LLC, and Morgan Stanley (collectively, "Defendants") and Plaintiff Jason Zajonc ("Plaintiff") (collectively, the "Parties"), through their respective counsel, hereby stipulate as follows:

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) that includes trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, and data that touch upon the topic of price, provided such information has not previously been disclosed by the producing party to anyone except those in its employment or those retained by it, except to the extent that such designation is contrary to California law.

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

2

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 3:14-cv-05563-EMC

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>In-House Counsel</u>: attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.15    Class Members: (a) if no class has been certified, then all individuals who satisfy any class definition set forth in the operative complaint in this action; (b) if a Rule 23 class has been certified, then all individuals who satisfy the class definition set by the Court.

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 3:14-cv-05563-EMC

1  The Designating Party must designate for protection only those parts of material, documents,
2  items, or oral or written communications that qualify – so that other portions of the material,
3  documents, items, or communications for which protection is not warranted are not swept
4  unjustifiably within the ambit of this Order.

5  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are
6  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
7  unnecessarily encumber or retard the case development process or to impose unnecessary
8  expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a
9  Designating Party's attention that information or items that it designated for protection do not
10 qualify for protection, that Designating Party must promptly notify all other Parties that it is
11 withdrawing the mistaken designation.

12 5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order
13 (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
14 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
15 designated before the material is disclosed or produced.

16 Designation in conformity with this Order requires:

17 (a)   For information in documentary form (e.g., paper or electronic documents,
18 but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
19 Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only
20 a portion or portions of the material on a page qualifies for protection, the Producing Party also
21 must clearly identify the protected portion(s) (e.g., by making appropriate markings in the
22 margins).

23 A Party or Non-Party that makes original documents or materials available for
24 inspection need not designate them for protection until after the inspecting Party has indicated
25 which material it would like copied and produced.  During the inspection and before the
26 designation, all of the material made available for inspection shall be deemed
27 "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and
28 produced, the Producing Party must determine which documents, or portions thereof, qualify for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 3:14-cv-05563-EMC

1   protection under this Order.  Then, before producing the specified documents, the Producing

2   Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If

3   only a portion or portions of the material on a page qualifies for protection, the Producing Party

4   also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

5   margins).

6         (b)   <u>For testimony given in deposition or in other pretrial or trial proceedings</u>,

7   that the Designating Party identify on the record, before the close of the deposition, hearing, or

8   other proceeding, all protected testimony, or, for deposition testimony, that the Designating Party

9   identify all protected testimony in writing at any time up to and including the fifteenth day after

10  the date of receipt of the deposition transcript.  Deposition testimony shall automatically be

11  deemed to be CONFIDENTIAL subject to the terms of this Order until the end of the fifteenth

12  day after the date of receipt of the deposition transcript. Should the Non-Designating Party desire

13  to file or otherwise disclose a portion of a deposition transcript before the expiration of the 15-day

14  period, the parties shall meet and confer in good faith, by e-mail or otherwise, as to whether the

15  subject portion of the transcript is CONFIDENTIAL.

16        (c)   <u>For information produced in some form other than documentary and for</u>

17  <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

18  container or containers in which the information or item is stored the legend "CONFIDENTIAL."

19  If only a portion or portions of the information or item warrant protection, the Producing Party, to

20  the extent practicable, shall identify the protected portion(s).

21     5.3   <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified

22  information or items does not, standing alone, waive the Designating Party's right to secure

23  protection under this Order for such material so long as the issue is brought to the attention of

24  opposing counsel within a reasonable amount of time after discovery of the failure to designate as

25  measured by the particular circumstances of the subject production.  Upon timely correction of a

26  designation, the Receiving Party must make reasonable efforts to assure that the material is

27  treated in accordance with the provisions of this Order.

28

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

6

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 3:14-cv-05563-EMC

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation, it shall provide written notice of each designation it is challenging and describe the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  Counsel for the parties shall attempt to resolve any challenge in good faith on an expedited and informal basis.  If the challenge cannot be expeditiously and informally resolved, any Party may, on reasonable notice not less than two business days, apply for appropriate ruling(s) from the Court.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    6.2     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In

1  addition, the Challenging Party may file a motion challenging a confidentiality designation at any
2  time if there is good cause for doing so, including a challenge to the designation of a deposition
3  transcript or any portions thereof.  Any motion brought pursuant to this provision must be
4  accompanied by a competent declaration affirming that the movant has complied with the meet
5  and confer requirements imposed by the preceding paragraph.

6        The burden of persuasion in any such challenge proceeding shall be on the Designating
7  Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose
8  unnecessary expenses and burdens on other parties) may expose the Challenging Party to
9  sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to
10 file a motion to retain confidentiality as described above, all parties shall continue to afford the
11 material in question the level of protection to which it is entitled under the Producing Party's
12 designation until the court rules on the challenge.

13 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

14      7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed
15 or produced by another Party or by a Non-Party in connection with this case only for prosecuting,
16 defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only
17 to the categories of persons and under the conditions described in this Order. When the litigation
18 has been terminated, a Receiving Party must comply with the provisions of section 13 below
19 (FINAL DISPOSITION).  Nothing in this Stipulated Protective Order prevents any party from
20 using any document at trial.

21      Protected Material must be stored and maintained by a Receiving Party at a location and
22 in a secure manner that ensures that access is limited to the persons authorized under this Order.

23      7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise
24 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
25 disclose any information or item designated "CONFIDENTIAL" only to:

26        (a)    Defendants;
27        (b)    Plaintiffs;
28        (c)    Class Members, to the extent such "CONFIDENTIAL" information

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

8

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 3:14-cv-05563-EMC

contains data that concerns said Class Members, or is a policy that applies or applied to said Class Members;

(d) the Receiving Party's Outside Counsel of Record in this action, as well as employees and partners of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(e) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(f) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) mediators retained or assigned by the parties and/or the court, and their staff, to whom disclosure is reasonably necessary for the settlement of this litigation;

(h) the court and its personnel;

(i) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j) during their depositions, Non-Party witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise set forth in Sections 7.2 (a)-(l), agreed by the Designating Party, or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(k) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(l) any individual who has already seen such document.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

    (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

    (a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 3:14-cv-05563-EMC

   (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. make the information requested available for inspection by the Non-Party.

   (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 3:14-cv-05563-EMC

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the court.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 3:14-cv-05563-EMC

Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material, upon written request by the Producing Party. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION). This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

IT IS SO STIPULATED.

Dated: June 19, 2015                                    MORGAN, LEWIS & BOCKIUS LLP

                                                         By: */s/ Melinda S. Riechert*
                                                            Samuel S. Shaulson
                                                            Melinda S. Riechert
                                                            Jennifer Svanfeldt
                                                            Roberta H. Vespremi

                                                            Attorneys for Defendants
                                                            MORGAN STANLEY & CO. LLC,
                                                            MORGAN STANLEY SMITH BARNEY
                                                            LLC, and MORGAN STANLEY

Dated: June 19, 2015                                    OUTTEN & GOLDEN LLP

                                                         By: */s/ Jahan C. Sagafi*
                                                            Jahan C. Sagafi
                                                            Justin M. Swartz
                                                            Julia Rabinovich

                                                            SHAVITZ LAW GROUP, P.A.
                                                            Gregg I. Shavitz
                                                            Susan H. Stern
                                                            Paolo C. Meireles
                                                            Michael J. Palitz

                                                            KLAFTER OLSEN & LESSER, LLP
                                                            Seth R. Lesser
                                                            Fran L. Rudich

                                                            *Attorneys for Plaintiff and proposed Class Members*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 3:14-cv-05563-EMC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JASON ZAJONC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MORGAN STANLEY & CO. LLC, f/k/a Morgan Stanley & Co. Incorporated, MORGAN STANLEY SMITH BARNEY LLC, and MORGAN STANLEY,<br><br>Defendant. | Case No. 3:14-cv-05563-EMC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**EXHIBIT A** |

AGREEMENT TO BE BOUND BY

STIPULATED PROTECTIVE ORDER

I, _____, declare as follows:

1. I have read and am familiar with the terms of the Stipulated Protective Order ("Protective Order") in the above-captioned case governing disclosure of information designated as confidential.

2. I have been instructed by counsel for _____ that the Court has ordered any information designated as "confidential" other than my own records shall be kept confidential and that I may not disclose, convey, publish, or duplicate any confidential information other than under the limited conditions permitted in the Protective Order.

3. I agree to abide by all the terms of the Protective Order and will not reveal or otherwise communicate to anyone any confidential information disclosed to me pursuant thereto except in accordance with the terms of the Protective Order.

4. I agree to return to producing counsel any and all documentation delivered to me under the terms of the Protective Order and all copies thereof and to destroy any notes in my possession containing any confidential information covered by the terms of this Protective Order.

5. I acknowledge that the Protective Order is binding on me.  I consent to the personal jurisdiction of the above-captioned Court for the purposes of determining whether I have complied with this Protective Order, and, if I have not complied, whether to impose sanctions and/or attorneys' fees and costs as the Court may, after notice and an opportunity to be heard, deem appropriate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ____ day of _____, 2015, at _____.

_____
Signature

_____
Printed Name

_____
Address

_____

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 3:14-cv-05563-EMC

## **FILER'S ATTESTATION**

I, Melinda S. Riechert, am the ECF user whose identification and password are being used to file this Stipulation. In compliance with L.R. 5-1(i)(3), I hereby attest that Jahan Sagafi concurs in this filing.

Dated: June 19, 2015       /s/ *Melinda S. Riechert*
                           Melinda S. Riechert

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 3:14-cv-05563-EMC

**[PROPOSED] ORDER**

Pursuant to the Parties' [Proposed] Stipulated Protective Order, the Stipulation is approved and the Stipulated Protective Order is entered as proposed.

IT IS SO ORDERED.

Dated: 6/22/15

_____
HON. _____
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED*
*Judge Edward M. Chen*

DB1/ 83562661.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 3:14-cv-05563-EMC