UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case Number: 16-80988-CV-MARRA**

JASON ZAJONC, et al., individually and on behalf of all others similarly situated,, et al., individually and on behalf of all others similarly situated,

                        Plaintiffs,

   v.

MORGAN STANLEY & CO. LLC,
f/k/a Morgan Stanley & Co. Incorporated,
MORGAN STANLEY SMITH BARNEY LLC,
and MORGAN STANLEY,

                        Defendants.

## AGREED ORDER AND JUDGMENT

THIS CAUSE is before the Court upon the Joint Motion for Approval of Global Settlement. The Court, having considered the parties' Joint Stipulation of Settlement and Release ("Agreement") and all other materials properly before the Court, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, hereby finds and orders as follows:

    1.    The Joint Motion for Approval of Global Settlement is GRANTED [D.E. 149].

    2.    Unless otherwise defined herein, all terms used in this Agreed Order and Judgment (the "Agreed Order and Judgment") will have the same meaning as defined in the Agreement.

3. The Court has jurisdiction over the subject matter of these actions, which include the cases and claims previously transferred to this Court for purposes of settlement, in addition to the Named Plaintiffs, the Settlement Group Members, and Defendants.

4. The Court finds that the Parties' settlement is the product of protracted, arms-length negotiations between experienced counsel about *bona fide* disputes regarding liability and damages. The Court grants final approval of the settlement, including the allocation of the Net Settlement Amount, the Released Claims, and the other terms described in the Agreement, as fair, reasonable and adequate as to the Parties, Enhancement Award Plaintiffs, and Settlement Group Members.

5. The Court approves the Plaintiffs' attorneys' application for fees from the Settlement Fund in the total amount of $3,707,970.34 (to be distributed pursuant to the Parties' Agreement) for all four settled cases, total costs in the amount of $461,029.66 (to be distributed pursuant to the Parties' Agreement) for all four settled cases, and the proposed Settlement Cover Letters, Notice, and agreement and release for Enhancement Award Plaintiffs attached as Exhibits D, E, F, and G to the Agreement and the proposed method for distribution.

6. The Court approves payment of $26,000.00 to the Settlement Claims Administrator.

7. The Court approves payment of a total of $98,000.00 in Enhancement Awards to the eleven Named Plaintiffs and additional thirty-five Enhancement Award Plaintiffs as more fully set forth in the Agreement;

8. The Court approves allocation of $5,000.00 of the Maximum Settlement Amount to settle the PAGA claims against Defendants as more fully set forth in the Agreement.

9. The Court approves allocation of $50,000.00 to a reserve fund.

10. The Court permanently enjoins the Named Plaintiffs, Enhancement Award Plaintiffs, and other Participating Members (those who negotiate their checks) from filing, commencing, prosecuting, or pursuing the claims released by the Agreement whether or not on a class or collective action basis, or participating in any class or collective action involving such claims, except as otherwise expressly set forth in the Agreement.

11. Nothing relating to this Agreed Order, or any communications, papers, or orders related to the Agreement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendants or Releasees of any liability, culpability, negligence, or wrongdoing toward the Plaintiffs, the Settlement Group Members, or any other person, or that class or collective action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by Plaintiffs against Defendants or as to whether a class or collective should be certified. Furthermore, nothing in this Agreement shall be considered any form of waiver of any alternative dispute resolution agreements, provisions, or policies by Defendants or Releasees.

12. The Court dismisses this action with prejudice, and will dismiss the *Devries*, *Johnson* and *Hix* lawsuits with prejudice, with the Court retaining jurisdiction to enforce the settlement, if necessary. This case is CLOSED.

DONE AND ORDERED in chambers in West Palm Beach, Palm Beach County, Florida, this 11th day of July, 2016.

KENNETH A. MARRA
United States District Judge